May it please the Court, my name is Carlos Cruz and I represent the petitioner. May I reserve two minutes for rebuttal, Your Honor? Sure, just watch your time. Yes, Your Honor, thank you. Your Honors, the Board of Immigration Appeals erroneously denied petitioner's motion to reconsider the denial of her motion to reopen seeking remand for adjustment of status based on the following three reasons. First, the Board's decision fails to consider petitioner's testimony at her individual hearing regarding the manner in which she last entered the United States. Second, the Board's decision further failed to consider evidence in the record in support of that testimony by petitioner. And third, the motion to reconsider did not require an affidavit from petitioner stating that the voluntary departure bond had not been posted. Your Honors, first, the Board's failure to consider the petitioner's testimony in the record amounts to abuse of discretion. In this case, the petitioner testified at an individual hearing that she first entered the United States in June of 1985, but she also testified that she later left the United States on two separate occasions, that she left the United States in November of 1990 and November 1991 for family emergencies, and that when she returned to the United States, she was inspected and admitted upon her return to the United States by using a work permit that had been issued by immigration, a work permit that was later taken by immigration when that application for legalization under the amnesty program was denied. Where in the record do we find that testimony? Yes, Your Honor, that's going to be found at pages 444 and 445 of the record. And in that testimony, Your Honor, petitioner's counsel inquires into her entry and her departures from the United States, yet that information is nowhere found in the Board's decision, information which is vital in assessing whether or not petitioner in fact entered the United States lawfully, which would then entitle her for adjustment of status under INA section 245A. It's also important to note the timing of the statement. When the statement was made, there was absolutely no immigration benefit to the petitioner. Claiming that she had entered the United States with that work authorization in 1990 and 91 had no relevance to the underlying application for cancellation of removal at that time. At that time, the application was cancellation, and the issue was continuous physical presence. Under that particular section and for that particular application, manner of entry is irrelevant. And I also think that's important to note that at the time that the statements were made, there was no motive to lie. The petitioner had no motive to provide that information. It's also important to note that her daughter was only 16 years old at the time that the statements were made and that the application was filed. In fact, the daughter was only 14 years old when the application was filed and that information was provided. Again, at that point in the record, the possibility of filing an I-130 petition through her U.S. citizen daughter was not an option. The respondent was at least seven years away from that option. That possibility was not considered. I'm looking at 444 and 445. I guess you are as well. Yep. You go first. Well, to begin with, did you ever cite this testimony to us? Your Honor, the brief... That's an easy question. No, Your Honor. Okay. Did you cite it to the board? No, Your Honor. Well, then how is the board supposed to be faulted for not looking at something you didn't give to them? Your Honor, the brief makes reference to the statements made by petitioner in both the motion to reopen and also in the brief filed to the court. There's a statement... Sorry, which court? Not us? Both to the Ninth Circuit, Your Honor, in its opening brief. Okay, so we don't count. We're trying to figure out what did they have in front of them. Yes, Your Honor. So in the motion to reopen that was filed with the BIA, there are statements in the motion that provide and reference that testimony in petitioner's testimony. Can you be more specific? Statements in the... Just help us out. Yes, Your Honor. Statements in the motion... We need to know if they had this and overlooked it. This was in the record, Your Honor. This is a... Okay. We know it's in the record because we're looking at it. Yes, Your Honor. I'm not trying to be difficult, but did you point this out to the BIA? That's what Judge Clifton's trying to figure out. Your Honor, we did not point to the but we did say that that information was found in the record. So the flaw in the motion... Your motion said that. Yes, Your Honor. So the flaw in the motion that the motion doesn't cite to the page in the record where this information is found, but the motion does contain this information regarding that lawful entry to the United States. Okay. Your Honor, I think it's also important to note that the immigration judge made a finding regarding the petitioner's testimony. The the judge did not find that she had provided false testimony for any purpose whatsoever. And again, those findings are not mentioned by the board in this decision in assessing whether or not the petitioner is eligible. So your motion referenced the fact that the card was taken away from her, but not the... It didn't cite to the record. Yes, Your Honor. That it was taken away from her and that she had used that card to enter the United States lawfully. Your Honor, in addition to the testimony in the record, there's also an application in the record at Exhibit 2 which supports the application. Exhibit 2 is the application for cancellation of removal. And that application provides that, in fact, there were two departures from the United States, one in November of 1990 and one in November of 1991, which is also consistent with their testimony. In that application, she also provides that she was, again, inspected and admitted upon her return to the United States. Yet Exhibit 2 in the record is nowhere found in the board's decision. That information is completely ignored by the board in making the finding regarding her eligibility for adjustment of status. Exhibit 2 to what? Exhibit 2 in the original application, Your Honor. That's found at page 497 of the record. Your Honor, what the board relies on are three separate findings. And the three separate findings are the following. Number one, that the petitioner conceded at her hearing that she entered the United States in 1985 and that she was present in the United States without having been admitted or paroled. That is actually not completely accurate. Allegation number three says that the respondent entered the United States at or near San Ysidro on or about 1985, but that she was not then inspected and admitted by an immigration officer. Allegation four of that charging document relates to in 1985 that she was not then admitted or paroled into the United States. It doesn't mean that she was never admitted or paroled. It simply means that she was not then admitted or paroled. The court says that she conceded to the charge that she's present in the United States without being admitted or paroled into the U.S. But that's also inaccurate. If you read 212A6A1 in its entirety, it says that the person is present in the United States without being admitted or that she arrived in the U.S. at any time or place not designated by the Attorney General. It provides for that option, and that's where the notice to appear was correctly pledged to by counsel initially, because it does provide for that ambiguity in the record. Secondly, Your Honor, the board relies, excuse me, the board member relies on a statement found in the I-130 petition. The I-130 petition, according to the board, states that the petitioner's last arrival date in the country was in June 1985. That's also incorrect. That's not what the question says. What the question says is date arrived. Date arrived. And the date listed as date of arrival, not last arrival, maybe not even first arrival, just date arrived, is June of 1985. You don't have much time left, and I would hope you could, do you have anything to tell us with regard to the other problem that your client has with regard to the posting of bond? Yes, Your Honor. First and foremost, I would like to point out that the issue of the bond issue is not moot. It's been 10 years, and the issue of the bond issue has been 10 years, and so that bar has been satisfied. But in this case, Your Honor, under the regulations of the general rule, motions to reopen require affidavits, but this Court has carved out an exception that says that where the government doesn't affirmatively oppose the motion to reopen, it amounts to abusive discretion to deny the motion to reconsider. It did not oppose the motion to reopen, and the same rule regarding affidavits and evidentiary evidence does not apply to motions to reconsider at ACFR Section 1003.2. Because the petitioner was not required to submit that affidavit, because the information was already in the government's file regarding her failure to post a voluntary departure bond, I would ask the Court to find that this issue is not moot, and moreover, that there is at a minimum and at best sufficient information in the record that requires additional fact-finding. And I would ask the Court to remit this case back to Elwood. But wait a minute. What in the record? You're saying it's in the government's files, but that's not the same thing as what's in the record of the adjudication. And I've looked hard. I haven't found anything that would provide evidentiary support for the proposition that she did not post the bond. I stand corrected, Your Honor. It is in the government's file, not before the Court in its record. But I would note for the Court that after the government filed its opposition, the government had six more months before the Board issued its decision denying the motion to reconsider on that basis. The government did not submit any documents. In no way, in my argument, that alleviates the petitioner's obligation to provide information to the Court, but the government did have an opportunity to respond with that information. It didn't. But again, I would ask the Court to consider that the issue is now moot as more than 10 years have passed. Thank you, Your Honors. Counsel? Good morning. Good morning, Your Honors. Sana Lee representing the Attorney General. Your Honors, as you've pointed out, the petitioner did not include evidence in the record that opposing counsel has just discussed as far as pointing out her testimony about entering and entering, reentering the United States and being inspected and admitted. So that information was not before the Board when she filed her motion to reopen or her motion to reconsider. Could I ask, could not the Board have taken judicial notice of that information? Had you, in your file, the A file, had that information in there? I believe the Board could have taken judicial notice, but it was not pointed out to the Board. And could the government have not? In fact, under Dent, and I'm not sure exactly what the timing of this hearing was before the BIA, but in Dent v. Holder, didn't this Court hold that the government has an obligation to provide an alien and removal proceedings with a copy of her A file, if requested? And is there any reason not to? Your Honor, I don't know the specifics of Dent, but I'm not aware that petitioner has requested or requested her file below. I'm troubled by the proceedings in this that went on for almost 10 years and that request not specifically being made and references and testimony at the hearings and in all of the motions to represent that it exists, but she does not have a copy of it. It's in the A file, they hope. Where is it, when is it that someone in the custody that has the custody of the A file says, I looked at it, it's not here or it is here. It refutes or it sustains what she has testified to. Did that ever happen? As far as I'm aware, I don't think that the file was requested by the petitioner. Well, do you happen to know one way or the other? I mean, have you looked at the file? I mean, I've looked at the record in this case, but I have not seen what the government possessed at that time. But you haven't been motivated to go look to see if in fact she either posted the bond or did in fact have a work permit that permitted her to come back on the dates that so we don't know. And you're in a position of arguing that, well, the board didn't know, so it was entitled to say the burdens on the party that's the petitioner in front of us. And I understand that. But if in the end it turns out that factually it is true that she did not post the bond and factually it is true that she had the work permit that permitted her to come back and enter the country through inspection, that would seem to put this case in a different record. Now, we now have strong suggestions to think maybe it is in the record. What are we supposed to do about it? Your Honor, what do you mean by the strong suggestion? Well, suppose it's true. Let's just do one at a time. Suppose it is true that she did not post the bond, so the failure to voluntarily depart does not serve as a disability. I'll leave aside the 10-year issue for the moment. If it's not a disability, then the board's basis for denying her motion seems to have been vitiated. If that's the case, what are we supposed to do about it? Well, Your Honor, the petitioner had her burden to support her motion to reopen. And that's what the board was pointing out, that the statute does require that she support her motion to reopen with evidence. So she could have supplied an affidavit. So the problem is really not her failure, but frankly, her counsel's failure to submit the affidavit, which would have been a simple matter to submit. Is that something that she should take the fall for? Well, Your Honor, the statute does require that she provide some evidence. Is that right, counsel? Opposing counsel, I think, mentioned that on the motion to reopen, of course, on the papers, that if unopposed, the facts she asserts are deemed true. What's your response to that? I don't know which case he's referring to, as far as I believe he mentioned that it was a case in the Ninth Circuit. So you're not familiar with that rule? Is that your response? Yes, Your Honor. Okay. No. I will confess the argument we heard this morning didn't exactly seem to track the argument we got in the opening brief. So I can appreciate that maybe you didn't anticipate that particular challenge. But we're sitting here trying to sort through this, and the best I hear is that, well, it may be that, in fact, she did not post the bond, so that disability wouldn't apply. And it may be that she, in fact, entered with inspection, and there is some evidence in the record that seems to support that, her testimony and the form that was referred to, though that wasn't pointed out to the board. And we don't expect the board, just as we don't expect district courts, to peruse the record on its own without help. But if, in fact, now we know those appear to be the facts, what do you propose we do about it? Well, Your Honor, in this case, what the issue is, is whether the board abused its discretion in denying the petitioner's motion to reconsider, and the government believes that it did not abuse its discretion. Was she deemed to lack credibility at any stage? I don't believe so. Right. I don't think so, either. And she filed a motion to reopen, and isn't the rule that, in that circumstance, the facts she alleges are deemed true? Under that circumstance, where there's no adverse credibility finding? Well, there's just, as I mentioned, she didn't provide any evidence, as far as... So I'm asking a different question. I appreciate that she didn't provide the evidence. She's made the statement, she made the representation. I don't think there was any adverse credibility determination. And at this point, I think I'm just belaboring my point, but I can readily determine it. But I think that is the rule. She made a representation in her motion to reopen? Right. And opposing councils argued that because that representation wasn't contested, and there's no, and I'm adding, there's no adverse credibility determination. I think the board's rule is that it treats those facts as true. The board's rules? Yes. Well, I believe the representation in her motion to reopen was that she had her work authorization card. Right. And it was taken away from her? I don't think that she mentioned that she was inspected and admitted in her motion to reopen. And that was just... No, we just read it. So I appreciate what she did and did not represent there. I don't want to take any farther afield, because I think at this point, you've, I think you've answered my question. I'm struggling with the inability to produce the A file routinely without a request. Where's the requirement that it must be formally requested by the petitioner for the A file to be turned over routinely in cases where there is a documentation question? Now, the testimony had been apparently accepted to a certain extent, and that should satisfy or could the petitioner's prima facie responsibility. It's also could be interpreted that that would shift a burden to the government. But without even going there, the government has a file. It can answer questions. Why can't common sense rule here? And in fact, this wouldn't be the first time it was contemplated. The case I mentioned earlier, Dent v. Holder, was decided in 2010. And it even went so far as to say there isn't a good reason for not producing the A file routinely without a request, but didn't rule that way. And so there may be another case where this issue and the facts will call for it. Is this the case? Where the A file is called for? Where it's not specifically requested, but of course, it would answer questions, negative or positive. Your Honor, I'm sorry, I just wanted to clarify. Do you mean that she should have or the government should have supplied it below during the proceedings before the board? Yes. Is there any authority that addresses this or policy or rule that addresses whether the government has or assumes a duty at any point to produce an A file? I'm not aware of any such rule. If she had asked for it, would she have been entitled to it? I don't know the answer to that. Although I believe that if she had requested through FOIA. What about 1229A2B? If the government is requested, they're obligated to provide an alien in removal proceedings with a copy of her A file. Okay. And your problem is you don't know if that was done here. As far as I'm aware, it was not. Okay. Is there anything I'm guessing that probably was not because I'm looking at the opposition the government filed granted in nearly 10 years ago to the motion to reconsider and it says because the government was given very little time to respond, it is unable to request the A file to confirm by the time they had to file. So I suspect throughout, there was never, at least at the time, there was never a the DHS counsel said she didn't have time to get it. And so everybody's been sailing along for years in a state of ignorance as to what's in that file. Okay. So there we are. Yes, Your Honor. So I'm glad you pointed that out that that was in the record as far as the DHS counsel did say that there was not enough time to produce the record. You're, you're, you're substantially over your time. Did you want to have any last remark or request? Just basically, Your Honor, is that the petitioner did not show that the board views its discretion because she didn't show that she was eligible for adjustment of status and she didn't provide evidence to support her motion to reopen. Thank you, counsel. Thank you. Counsel, you just have a, would you just put one minute on the clock, please? Because opposing counsel went over as well. Thank you. I appreciate your kindness. I'm just, I just wanted to cite to the case regarding the exceptions to the general rule. One case among many is Guzman v. INS 318 F3 911 9th Circuit 2003. In this case provides that unless the government affirmatively opposes the motion to reopen, the board abuses its discretion when it denies, when it denies a motion to reopen for lack of supporting evidence. In this case, would provide the basis for this court to allow the proceedings to be remanded to the board. Your Honor, I don't want to discuss. We have here a motion to reconsider and it was opposed. I was just reading from the opposition. Yes, Your Honor, what was opposed was the motion to reconsider, not the motion to reopen. And if you look at the regulations at 1003.2 B1 and C, that requirement regarding the affidavit and the supporting evidence only applies to motions to reopen. It does not apply to motions to reconsider. And so for those reasons, Your Honor, I would ask this court to remand the proceedings. Thank you, Your Honor. Thank you. Thank you both for your helpful arguments. We'll take that matter under advisement and go on to United States v. Singh.
judges: Clifton, Christen, Rufe